UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALESIA LOVE,

    Plaintiff,                                     Civil Action No. 11-CV-11896

vs.                                               HON. BERNARD A. FRIEDMAN

QUEST DIAGNOSTICS,

    Defendant.

_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the court on defendant's motion for summary judgment [docket entry 30]. Plaintiff has filed a response brief and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the court shall decide this motion without oral argument.

This is an employment discrimination case. Plaintiff, who is African-American, alleges that her former employer, defendant Quest Diagnostics ("Quest"), discriminated against her and discharged her because of her race, failed to give her a workplace accommodation because of her race, and retaliated against her for complaining about these employment practices and for reporting HIPAA and billing violations. Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

Defendant seeks summary judgment on the grounds that plaintiff failed to disclose this claim on her personal property schedule ("Schedule B") which she filed as part of her Chapter 7 bankruptcy petition with the United States Bankruptcy Court. Plaintiff filed that petition on April 11, 2010, and she received a discharge order on August 23, 2010. The bankruptcy case was closed

three days later. *See In re Alesia Fay Love*, No. 10-51875-tjt (Bankr. E.D. Mich.).[1] Defendant argues that plaintiff lacks standing to pursue the instant claim because, being property of the bankruptcy estate, it may be pursued, if at all, only by the bankruptcy trustee. Alternatively, defendant argues that plaintiff is judicially estopped from pursuing this claim, as she effectively denied the claim's existence – by failing to disclose it – while seeking, and ultimately obtaining, a bankruptcy discharge. While plaintiff acknowledges that she did not disclose her claim against Quest to the bankruptcy court, she argues her failure to do so should be excused because her bankruptcy attorney did not inquire whether she had any pending claims; "the bankruptcy in the instant case was filed shortly after the claim and the lawsuit were filed, and neither the claim nor the lawsuit were placed under the jurisdiction of the bankruptcy court"; plaintiff did not intend to hide her claim against Quest from her bankruptcy attorney, the bankruptcy court or the trustee; plaintiff acted in good faith; Schedule B did not specifically ask for lawsuits or claims; and she commenced the instant action pro se. *See* Pl.'s Resp. Br. at 7-11.

A number of cases have addressed the situation where a bankruptcy petitioner fails to disclose a pending or potential lawsuit to the bankruptcy court as an item of personal property and attempts to pursue the claim in district court. In *Eubanks v. CBSK Fin. Group., Inc.*, 385 F.3d 894 (6th Cir. 2004), plaintiffs sued a bank that reneged on an agreement to lend them money. On the

---

[1] Plaintiff argues that the court should not consider her bankruptcy petition, or any of the documents she filed in connection therewith, some of which are attached as exhibits to defendant's summary judgment motion, because they have not been properly identified or authenticated. While plaintiff understandably would like to prevent defendant from using these court records, the accuracy of which she does not dispute, the court shall take judicial notice of them pursuant to Fed. R. Evid. 201(b). *See Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004); *Embassy Realty Invs., LLC v. City of Cleveland*, 2012 WL 2600368, at *5 (N.D. Ohio July 5, 2012).

bank's motion, the district court dismissed the complaint on the grounds that plaintiffs had failed to list this claim as a potential asset in connection with their Chapter 7 petition. The cause of action arose before plaintiffs filed that petition, and plaintiffs commenced suit after the bankruptcy court issued a final decree. The district court dismissed the complaint on grounds of judicial estoppel. In reversing, the court of appeals indicated that judicial estoppel should not be applied when the omissions in question "are the result of mere mistakes or inadvertent conduct." *Id.* at 898. Although plaintiffs' potential claim against the bank was an asset that should have been disclosed on Schedule B, the court of appeals found the omission to be inadvertent because plaintiffs had informed the trustee about the claim at the meeting of creditors, they provided the trustee with all documents pertaining to the claim, they repeatedly asked the trustee while the bankruptcy proceeding was pending whether he intended to pursue the claim on behalf of the bankruptcy estate and, when the trustee failed to respond to these inquiries, plaintiffs asked the bankruptcy court to convene a conference in order to resolve the issue. The court of appeals concluded that in these circumstances judicial estoppel should not apply to prevent plaintiffs from pursuing their claim against the bank, since their failure to list the claim on Schedule B was clearly inadvertent given that plaintiffs "made the court, and the Trustee, aware of the potential civil claim against Defendant before the bankruptcy action closed . . . ." *Id.* at 898.

In *Lewis v. Weyerhaeuser Co.*, 141 F.App'x 420 (6th Cir. 2005), plaintiff brought an employment discrimination action against her former employer. The district court granted summary judgment for defendant on the grounds that plaintiff was judicially estopped from pursuing the claim because she had failed to disclose it on Schedule B of her Chapter 13 bankruptcy petition; plaintiff also had failed to disclose 4-1/2 months of wages. Plaintiff's discrimination claim arose before she

filed her bankruptcy petition, and her attorney contacted the Equal Employment Opportunity Commission ("EEOC") about the claim one month after the bankruptcy court confirmed plaintiff's Chapter 13 plan. In response to defendant's summary judgment motion, plaintiff contended that she did not intend to conceal the discrimination claim or the unreported wages, but that she had not included these items on the list of her personal property on the advice of her bankruptcy attorney's paralegal. Plaintiff also contended that, "[s]ometime after the start of my bankruptcy plan," she disclosed the existence of her discrimination claim to the bankruptcy trustee's assistant. *Id.* at 422. The district court rejected plaintiff's explanations, found the omissions to be intentional, and granted summary judgment for defendant on grounds of judicial estoppel.

The court of appeals affirmed. It noted that a potential cause of action is an asset which, like all assets, must be disclosed by a debtor seeking bankruptcy protection. *See id.* at 424. The court also noted that the "'disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge.'" *Id., quoting In re Colvin*, 288 B.R. 477, 481 (Bankr. E.D. Mich. 2003). Additionally, the court indicated that

> [t]he doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire*, 532 U.S. at 749, 121 S.Ct. 1808 (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)). Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002) (quotation omitted). This court has previously described judicial estoppel as a rule against "playing fast and loose with the courts," "blowing hot and cold as the occasion demands," or "hav[ing] [one's] cake and eat[ing] it too." *Reynolds v. Comm'r*, 861 F.2d 469, 472 (6th Cir.1988) (citations omitted) (alteration in original).

4

\* \* \*

> . . . In *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002), this court, focusing on the first two factors identified in *New Hampshire*, described judicial estoppel as barring a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Browning*, 283 F.3d at 775 (internal quotation omitted).

*Id.* at 424-25.

The *Lewis* court went on to find that the elements of judicial estoppel were present because "pursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel" and because the bankruptcy court, in confirming plaintiff's plan, "adopted [her] statement that she had no potential causes of action." *Id.* at 425. The narrower issue was whether plaintiff's failure to list her discrimination claim as an asset was due to "mistake or inadvertence," in which event judicial estoppel should not apply. *Id.*, *quoting Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002). The court indicated that "the failure to disclose a cause of action may be deemed inadvertent where (1) 'the debtor lacks the knowledge of the factual basis of the undisclosed claims,' or (2) 'the debtor has no motive for concealment.'" *Lewis*, 141 F.App'x at 425-26, *quoting Browning*, 283 F.3d at 776.

The court concluded that plaintiff's failure to disclose her discrimination claim was not attributable to mistake or inadvertence. It noted that plaintiff made no attempt to amend her bankruptcy schedules or to inform the bankruptcy court of the claim's existence. While plaintiff claimed that she told the trustee's assistant about the claim, the court noted that she did not do so until after the bankruptcy plan had been confirmed, and there was no indication plaintiff informed the trustee's assistant that the claim had not been disclosed to the bankruptcy court. *Citing Link v.*

5

*Wabash R.R. Co.*, 370 U.S. 626 (1962), the court also rejected plaintiff's argument that her failure to list the claim should be excused because she did so on the advice of her attorney's paralegal: "Lewis's 'freely selected agent' took the position that Lewis had no cause of action against Weyerhaeuser. Lewis presents no compelling reason to justify departing from the general rule set forth in *Link* that litigants are bound by the actions of their attorneys." *Lewis*, 141 F.App'x at 427-28. Finally, the court noted two additional indications of plaintiff's bad faith, namely, that she contacted the EEOC shortly after her bankruptcy plan had been approved and that she had failed to list wages earned from defendant in addition to failing to list her discrimination claim.

Similar circumstances were present in *Riddle v. Chase Home Fin.*, 2010 WL 3504020 (E.D. Mich. Sept. 2, 2010). In that case, plaintiff sued her mortgage lender shortly before she obtained a Chapter 7 discharge. In seeking dismissal of the complaint, defendant argued, among other things, that plaintiff was judicially estopped from pursuing the claim because she had not listed it on Schedule B as an item of personal property. In response, plaintiff argued that she was unaware that potential claims must be listed, that when she filed her bankruptcy petition she did not anticipate filing suit, that she did not intend to conceal the claim, and that the bankruptcy judge had advised her to pursue the claim "outside of the bankruptcy court." *Id.* at *2.

The court acknowledged that judicial estoppel does not apply when plaintiff's failure to disclose the claim "amounts to 'nothing more than mistake or inadvertence.'" *Id.* at *4, quoting Browning*, 283 F.3d at 776. The court quoted the Sixth Circuit's statement in *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478 (6th Cir. 2010), that "[i]n determining whether [plaintiff's] conduct resulted from mistake or inadvertence, this court considers whether: (1) she lacked knowledge of the factual basis of the undisclosed claims; (2) she had a motive for

concealment; and (3) the evidence indicates an absence of bad faith. In determining whether there was an absence of bad faith, we will look, in particular, at [plaintiff's] 'attempts' to advise the bankruptcy court of her omitted claim." *Riddle*, 2010 WL 3504020, at *5.

Applying these factors, the court found that judicial estoppel barred plaintiff from pursuing the claim. It noted that plaintiff was statutorily required to disclose all assets, including potential claims, to the bankruptcy court, and that plaintiff failed to list her lawsuit against defendant, which she had filed prior to obtaining a discharge. The court rejected plaintiff's suggestion that the omission was due to mistake or inadvertence:

> The plaintiff knew of the facts underlying her claims against Chase well before the commencement of the bankruptcy proceedings and had filed her action in the Wayne County court before her debts were discharged. The plaintiff does not allege that either the trustee or other creditors knew of her cause of action against the defendant. Moreover, the plaintiff stood to benefit from her decision not to list the cause of action in the bankruptcy court because her assets would thus remain minimal and she did not have to surrender her right to bring the cause of action to the trustee. Weighed against these economic incentives of non-disclosure, the plaintiff's bare assertions to the contrary do not hold much weight. And even if the plaintiff did fail to disclose the cause of action out of pure ignorance of the law and is now promising to reopen the bankruptcy and amend the schedule, she has not made any showing that her intentions have materialized. *See Tyler v. Fed. Express Corp.*, 206 F.App'x 500, 501–02 (6th Cir.2005) (emphasizing the lack of action on the promise to amend the bankruptcy schedule of assets as another reason for applying the judicial estoppel doctrine). In addition, allowing the plaintiff to "back-up, re-open the bankruptcy case, and amend [her] bankruptcy filings, only after [her] omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if [she] is caught concealing them." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002).
>
> The Court must conclude that the plaintiff knew of the facts constituting the present cause of action and had a motive for concealment, and therefore her failure to satisfy the statutory disclosure duty was not "inadvertent." *In re Coastal Plains, Inc.*, 179 F.3d at 210. Indeed, if the Court were to equate lack of legal training

7

> regarding a statutory duty to disclose or absence of affirmative efforts to conceal the claim with excusable mistake or inadvertence, it would undermine the familiar maxim that, even for *pro se* litigants, ignorance of the law is no excuse. *See Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561–62 (6th Cir. 2000).

*Id.* at **5-6.

In the present case, the prerequisites for applying judicial estoppel are clearly present. When plaintiff filed her bankruptcy petition (April 11, 2010) and when she received a discharge (August 23, 2010), she had more than a potential claim against Quest; she had actually filed suit in this court against this defendant. *See Love v. Quest Diagnostics*, No. 10-CV-11022 (E.D. Mich.). Plaintiff commenced that suit on March 12, 2010, asserting claims for race discrimination and wrongful discharge. On April 16, 2010, five days after filing her bankruptcy petition, plaintiff filed a letter with this court, seeking to amend her complaint by joining parties and making additional allegations, including the allegation that defendant had retaliated against her and wrongfully failed to accommodate her disability. *See id.* [docket entry 9]. In this letter, plaintiff provided a detailed itemization of her damages, which totaled over $2 million. *See id.* at 3.[2] Plaintiff never listed this claim, although she was statutorily required to do so, and the bankruptcy court granted a discharge without being informed of the claim.[3] Under the state of the law as recited above, plaintiff is

---

[2] In this itemization plaintiff indicated that Quest owed her $962,000 for terminating her; $20,000 for discriminating against her "during ICD9 Testing"; $20,000 in lost matching funds for her retirement investments; $50,000 for "violation of privacy and religious acts"; $500,000 for holding her "against my will - breach in contract"; $500,000 for a "Multitude of Write ups which caused me to miss out advancing in the company"; plus other amounts, "to be determined," for harassment and retaliation.

[3] In November 2010 this court dismissed the complaint because plaintiff had not yet obtained a right-to-sue letter from the EEOC. *See id.* [docket entry 13]. In April 2011 plaintiff commenced the instant action, having obtained a right-to-sue letter in January 2011. *See Love v.*

judicially estopped from pursuing the claim unless the court finds that the omission was due to mistake or inadvertence. As noted above, this depends on whether (1) plaintiff lacked knowledge of the undisclosed claim, (2) plaintiff had a motive to conceal the claim, and (3) there is evidence indicating an absence of bad faith which, in turn, depends in particular on her efforts, if any, to advise the bankruptcy court of her omitted claim. *See White* and *Riddle, supra.*

The court cannot conclude that plaintiff's failure to disclose her discrimination claim was due to mistake or inadvertence. First, plaintiff obviously knew she had such a claim because she had actually commenced suit thereon shortly before filing her bankruptcy petition. In addition to knowing the factual basis for the claim, plaintiff clearly believed the claim had very substantial value, as she filed an itemization with this court – in the same month when she filed her bankruptcy petition – claiming that the claim was worth over $2 million. Second, plaintiff clearly had a motive to conceal the claim from the bankruptcy court in order to obtain a discharge[4] and to prevent any of the proceeds from the claim, should it have been successful, from being shared with her creditors.

The only remaining issue is whether plaintiff acted in bad faith. As noted above, as to this issue it is of particular importance whether plaintiff made any effort to disclose the existence of the claim to the bankruptcy court or the trustee, as did the plaintiffs in *Eubanks*. In the present case, plaintiff does not indicate that she made any such effort. Plaintiff amended her Schedule B once to disclose that she owned an automobile, but she made no such amendment to disclose her

---

*Quest Diagnostics*, No. 11-CV-11896 (E.D. Mich.), Compl. ¶ 8.

[4] In the bankruptcy court plaintiff listed $92,160 in assets ($85,000 which was real property) and $214,249.32 in liabilities. *See In re Alesia Fay Love*, No. 10-51875-tjt (Bankr. E.D. Mich.) (docket entry 13).

9

claim against Quest. Plaintiff asserts she was unaware of her duty to disclose the claim and that her bankruptcy attorney did not ask her whether she had any pending or potential claims. But as the court noted in *Riddle*, "ignorance of the law is no excuse"; and as the court noted in *Lewis*, clients are bound by the actions – and inactions – of their lawyers, who are presumed to be freely-chosen agents. The simple fact of the matter is that while plaintiff was telling the bankruptcy court that her liabilities outstripped her assets by approximately $122,000, she simultaneously was telling this court that her former employer owed her over $2 million for having discriminated and retaliated against her. Having omitted the claim in order to obtain the relief she sought in the bankruptcy court, plaintiff is estopped from pursuing the claim here. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that all other motions in this matter are denied as moot.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 30, 2012
         Detroit, Michigan